IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA WUANDIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-2347 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| METRA POLICE DEPARTMENT, | ) | |
| BLUE ISLAND OFC. GONZALEZ, and | ) | |
| SGT. HUNT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Plaintiff's motion for costs for a forensic expert and for a stay of this litigation [59] is denied. In addition, the motion of Defendants Gonzalez and Hunt to dismiss [38] is granted in part in that Count VI of Plaintiff's amended complaint is dismissed as time barred. In the interest of judicial efficiency, the remaining arguments in Defendants Gonzalez and Hunt's motion to dismiss will be addressed along with the motion to dismiss [58] filed by Defendants Babusch, Davis, and Peter in a single omnibus opinion that will be issued at a later date.

## STATEMENT

**I.  Motion for Expert Costs and Stay**

After consideration of Plaintiff's supplemental brief [69], as well as the full briefing and the Court's review of the Body Camera Footage in question, the Court denies Plaintiff's motion for costs for a forensic expert and for a stay of this litigation [59]. The facts submitted in support of Plaintiff's allegation that the footage has been altered—that the audio is inaudible in certain sections and that responses of certain onlookers, including Plaintiffs' family members, are not captured—do not advance the contention that anything untoward occurred in regard to the operation or chain of custody of the Footage. Body Work Cameras only record images in the line of sight of the camera and sounds within the purview of the device. Furthermore, the recording of incidents that take place outside also is affected by the elements, including wind that can muffle the ability to capture the voices of everyone present, particularly those on the periphery. To the extent that the video does not capture every movement or statement at the scene of the encounter between Plaintiff and Defendants, the testimony of fact witnesses can supplement the record.

In sum, Plaintiff's asserted rationale for suspecting evidence tampering is not compelling, and the Court thus is not in position to approve the request for an expenditure of funds from the

District Court fund for the forensic examination requested. Finally, given that Plaintiff has expressed an inability to fund the examination herself, the request for a stay pending that examination is denied as moot.

## II.     Motions to Dismiss

In the interest of efficiency, the Court will rule on the principal arguments for dismissal raised by the five individual Defendants in a single written opinion. However, upon an initial review of the briefs, the Court today grants Defendants Gonzalez and Hunt's motion to dismiss [38] in part as to Count VI of Plaintiff's amended complaint in view of (a) Plaintiff's acknowledgment that she missed the deadline for filing a claim under the statute of limitations by almost a year and (b) the Court's determination that equitable tolling is not appropriate in the circumstances presented here. Even if the Court accepts Plaintiff's insistence that she exercised diligence in the pursuit of her rights, she cannot point to any "extraordinary circumstance" that "stood in the way of her making a timely filing." *Madison v. United States Dep't of Labor*, 924 F.3d 941, 946-47 (7th Cir. 2019). Plaintiff points to her traffic case as a source of distraction and complains that she did not obtain the body camera footage until January 2020. But a traffic case is not an extraordinary event; in fact, if anything, the overlap between the facts of the traffic case and this case might have facilitated the gathering and synthesis of materials to simultaneously and efficiently advance Plaintiff's position in both cases. And, by her own admission, Plaintiff had the body camera footage several months prior to the expiration of the statute of limitations. The pandemic is not a valid excuse, either, given that ten months of the limitations period expired before the first lockdown order was issued and the courthouse remained open at all times. Finally, even if equitable tolling might be available to excuse short delays at the outset of the pandemic, see *Day v. Niles Twp. High Sch. Dist. 219 Bd. of Educ.*, 2020 WL 7641273, at *2 (N.D. Ill. Dec. 23, 2020), it certainly would not extend so far as to cover a filing made almost a year after the expiration of the limitations period.

For all of these reasons, the claim for assault and battery in Count VI of Plaintiff's amended complaint is dismissed as time barred. As noted above, the remainder of the arguments raised in Defendants Gonzalez and Hunt's motion to dismiss will be addressed in an omnibus opinion covering the arguments for dismissal advanced by all five individual Defendants.

Dated: September 7, 2022

_____
Robert M. Dow, Jr.
United States District Judge